## Case No. 795.

### In re BALDWIN et al.

[6 Ben. 196.][1]

District Court, S. D. New York. Oct., 1872.

CONTRACTING—PROOF OF DEBT.

On the petition of a creditor, showing that he and the assignee objected to the claim of B., another creditor, an order was made referring it to a referee to examine into the facts. Before any evidence was taken before the referee, the assignee appeared before the referee and objected to the proceedings, on the ground that, since the assignee was elected, B. had made proof of his claim in form satisfactory to the register, and that the proof had been delivered to the assignee, and registered by him, and that, since the election of the assignee, the petitioning creditor had not renewed his objection, and the assignee had never objected to the claim. B., however, insisted upon proceeding with the reference: *Held*, that the reference should not have been proceeded with, and that the order of reference should be vacated, leaving the parties to pay their own costs and expenses.

[In bankruptcy. Petition by Brewster for a reference to take proof of his claim against Theodore E. Baldwin and Edward W. Burr, bankrupts. Order for reference granted. Assignee objects. Order vacated.]

J. K. Murray, for Brewster.
T. M. North, for the assignee.

BLATCHFORD, District Judge. However proper the order of reference of the 10th of

[1] [Reported by Robert D. Benedict, Esq., and here reprinted by permission.]

February, 1872, may have been, on the assumption, that, prima facie, from the facts set forth in the petition on which it was made, the petitioning creditor and the assignee objected to the claim of Brewster, yet, when, before any testimony had been taken under the order of reference, the assignee appeared before the referee and objected to all proceedings under the order, on the ground that, since the assignee was elected, Brewster had made proof of his claim in form satisfactory to the register, who had received the same, and that the proof had been delivered to the assignee, and duly registered by him, and that, since the assignee was elected, the petitioning creditor had not renewed his objection to the proof of such claim, and no other creditor had made any objection to it, and that the assignee had never made any objection thereto, the reference should not have been proceeded with on the part of Brewster. There was no occasion for proceeding with it. The expense of proceeding with it was needlessly incurred. Nothing done in the course of it, after that, could bind the assignee. He did not afterwards appear on the reference, or produce any witnesses, or cross-examine any of the witnesses produced by Brewster. The original order of reference was granted ex parte, without due notice to the assignee, and only authorized the referee to take, on due notice to the proper parties, proof of the claim of Brewster, and such proof as might be offered in opposition thereto. When, in response to a notice, the assignee then appeared, and made the objection he did, in the terms above stated, the reference ceased to be one to which the assignee and the creditors generally of the estate, represented by him, could be considered as parties, so as to bind him and them as parties, or make him or them responsible for any expenses of the reference, if the assignee thereafter took no part in the proceedings. On such objection being made by the assignee, Brewster ought to have brought the matter before the court for instructions. Not having done so, he took the risk of going on. The entire aspect of the case, as it stood when the order of reference was made, on the facts set forth in the petition of Brewster, was changed, by the statement of the assignee that he had never objected to the proof of debt of Brewster, and had registered it as duly proved, and that no objection had, since the election of the assignee, been made to the proof of the claim, by any creditor. It was not the duty of the assignee to bring the matter before the court. He was not a party to the order of reference, and he discharged his entire duty by making the objection he did. The court must now do what it would have done, if, on the making of such objection by the assignee, the matter had been brought to its attention. It would have vacated the order of reference. There would have been no propriety in permitting the reference to proceed as between Brewster and the petitioning creditor, when it could not proceed as between Brewster and the body of creditors represented by the assignee. Although, where one creditor applies for an investigation, under section 22, [Act March 2, 1867; 14 Stat. 527,] of the claim of another creditor, it may be proper to hold the latter bound, as respects all the creditors, by the result of the investigation, yet, where, as in this case, a creditor applies for the investigation of his own claim, and the assignee, in response, says he has received proof of the claim, and registered it, and has never objected to it, it is not proper to permit an investigation of it to be had, as between such creditor and another creditor, against the objection of the assignee, when the estate cannot be bound by the result.

The order of reference is vacated, leaving the parties respectively to pay their own costs and expenses.